IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN J. SANTANA, | Civil No. 3:24-cv-1819 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN ARVIZA, | |
| Respondent | |

## MEMORANDUM

Petitioner Steven Santana ("Santana") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Santana alleges that officials at the Federal Correctional Institution, Allenwood ("FCI-Allenwood"), incorrectly reapplied a Public Safety Factor ("PSF") to his security classification, ultimately rendering him ineligible for the application of First Step Act ("FSA") credits. (*Id.*). For the reasons that follow, the Court will dismiss the habeas petition without prejudice based on Santana's failure to exhaust the available administrative remedies.

**I.  Background**

Santana is serving a 240-month term of imprisonment imposed by the United States District Court for the Eastern District of Pennsylvania for drug trafficking offenses, selling a firearm to a convicted felon, and possession of a firearm by a convicted felon. (Doc. 10-3). His current projected release date is July 21, 2027, via good conduct time release. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in the custody of the Bureau of Prisons ("BOP"), Santana filed a total of eleven administrative remedies. (Doc. 10-4). Five of those administrative remedies—numbers 1179572-R1, 1179572-A1, 1204258-F1, 1204258-A1, and 1204258-A1—concern claims regarding his PSF. (*Id.*).

On August 14, 2023, Santana filed administrative remedy number 1179572-R1 at the Regional Office level concerning an appeal of his PSF. (*Id.* at p. 6). The remedy was rejected because Santana submitted his request to the wrong level, the issue he raised was not sensitive, and he must first file a request at the institution before appealing to the Regional Office. (*Id.*).

On October 16, 2023, Santana filed administrative remedy number 1179572-A1 at the Central Office concerning a PSF appeal. (*Id.*). The remedy was similarly rejected because it was submitted at the wrong level, and Santana must first submit his remedy at the institution level. (*Id.*).

On July 1, 2024, Santana filed administrative remedy 1204258-F1 at the institution level regarding his PSF appeal. (*Id.* at p. 7). The institution rejected the remedy. (*Id.*). The institution advised that all sensitive remedies should be sent to the Regional Office. (*Id.*).

On July 29, 2024, Santana submitted administrative remedy 1204258-A1 at the Regional Office level. (*Id.*). The Regional Office advised Santana that the institution rejected his remedy in error and instructed him to resubmit it at the institution level with a copy of his rejection notice. (*Id.*). Then, on September 9, 2024, Santana filed an appeal to

the Central Office, designated as administrative remedy 1204258-A1. (*Id.* at p. 8). The Central Office rejected the grievance because it concurred with the rationale of the Regional Office's instructions and directed Santana to refile his grievance at the institution. (*Id.*). Santana did not properly resubmit this grievance at the institution. (*See* Doc. 10-4).

In his § 2241 petition, Santana challenges FCI-Allenwood's application of a PSF on his security classification. (Doc. 1). Respondent filed a response, asserting that the Court should dismiss the petition because Santana did not exhaust his administrative remedies before proceeding to federal court and, alternatively, because the petition is without merit. (Doc. 10). The record clearly establishes that Santana failed to exhaust his administrative remedies; therefore, the Court does not reach Respondent's alternative arguments.

## II.    Discussion

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the

opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central

4

Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that, although Santana filed five administrative remedies concerning his PSF—numbers 1179572-R1, 1179572-A1, 1204258-F1, 1204258-A1, and 1204258-A1—he undisputably failed to properly exhaust those remedies. (*See* Doc. 10-4). Each remedy was rejected as filed at the wrong level. Santana was twice advised that he may refile the remedy at the institution level. (*Id.* at p. 8). Santana failed to do so. Instead, Santana bypassed the statutorily mandated procedures and filed the instant habeas petition in federal court.

As stated *supra*, Santana filed administrative remedy number 1179572-R1 at the Regional Office level concerning an appeal of his PSF. (*Id.* at p. 6). The Regional Office rejected the remedy because it was filed at the wrong level. (*Id.*). Santana filed an appeal to the Central Office, designated as administrative remedy number 1179572-A1. (*Id.*). The Central Office likewise rejected the remedy because it was submitted at the wrong level. (*Id.*).

Santana then filed administrative remedy 1204258-F1 at the institution level regarding his PSF appeal. (*Id.* at p. 7). The institution rejected the remedy and advised that all sensitive remedies should be sent to the Regional Office. (*Id.*). Santana submitted administrative remedy 1204258-A1 at the Regional Office level. (*Id.*). Upon review, the

Regional Office determined that the institution rejected his remedy in error and instructed him to resubmit it at the institution level with a copy of the rejection notice. (*Id.*). Rather than comply with this directive, Santana filed an appeal to the Central Office, designated as administrative remedy 1204258-A1. (*Id.* at p. 8). The Central Office rejected the grievance and again directed Santana to refile his grievance at the institution. (*Id.*). Santana did not comply with this directive. (*See* Doc. 10-4).

Santana has not presented any evidence that the properly exhausted his administrative remedies. Nor has he established that he should be excused from exhausting administrative remedies with respect to his present claims. The Court finds that Santana's claim must first be presented to BOP officials and fully exhausted. Because Santana did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

### III. Conclusion

Based on the foregoing, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 24, 2025